IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:09cv199-WKW |
| ) | |
| DIANE HARRELSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Gene Coggins, a frequent litigator in this court,[1] seeks leave pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* in this action (Doc. # 2). Assuming the truth of the averments in plaintiff's supporting financial affidavit, the document establishes economic eligibility for IFP status. Because it is abundantly clear that plaintiff's claims are due to be dismissed on the merits as frivolous, the court chooses – in this case – not to set a hearing to explore further the truth of plaintiff's representations to the court and his allegation of poverty.[2, 3] Accordingly, it is

---

[1] Plaintiff has filed 46 cases in this court, 35 of them within the past two years.

[2] See Coggins v. Crouch, Civil Action No. 3:09cv64-MHT (Doc. # 2, 4, 11-14) and Coggins v. Town of Jackson's Gap, 3:09cv65-WKW (Doc. # 2, 5, 6, 8, 10, 16).

[3] The Eleventh Circuit's direction to the district court in Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305 (11th Cir. 2004) suggests that it may no longer be necessary to reach a motion to proceed *in forma pauperis* where the Clerk has docketed the case, and the court has reviewed it and has determined that the plaintiff's claims are frivolous. Id. at 1308 ("If the district court determines that Martinez is not eligible to proceed *in forma pauperis*, the reasons for that denial should be explained in its order. Alternatively, should the district court find the complaint frivolous, it should affirmatively indicate that conclusion for our benefit on review."); see also id. ("[B]ecause the

ORDERED that plaintiff's motion to proceed *in forma pauperis* (Doc. # 2) is GRANTED, based solely on the face of the affidavit. Upon review of the complaint, the court concludes that this action is due to be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[4]

Plaintiff, proceeding *pro se*, brings claims against defendant Diane Harrelson. He lists her address is "242 High Top Circle, Jackson[']s Gap, AL 36861." (Complaint, p. 1). Plaintiff contends that Harrelson has violated his constitutional rights by refusing to vacate the property at 242 High Top Circle. (Id. at p. 5). Plaintiff alleges that "[t]he guaranteed constitutional rights for citizens to own property, leaves no legal right for any form of squatters rights, where anyone tries to settle or take over another's land that holds a proper or clear true title, or by virtue of a written agreement be and between the true owner." (Id. at p. 6).

---

district court's order contained no explanation as to why Martinez's motion [to proceed *in forma pauperis*] was denied, it is unclear whether the denial was based on her failure to satisfy the poverty requirement or because her complaint was frivolous."); Cf. Burlison v. Rogers, 2008 WL 5662330, 1 (11th Cir. Aug. 29, 2008)(unpublished opinion)(without discussing the *in forma pauperis* motion, affirming district court's *denial* of motion to proceed *in forma pauperis* and *sua sponte* dismissal of § 1983 action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). The 1996 amendment to § 1915 allowing dismissal of a complaint on the grounds set forth in § 1915(e)(2)(B) "at any time,"arguably permits dismissal before a ruling on the IFP motion. See text of statute at n. 4, *infra*. However, for the sake of efficiency, the undersigned has followed the court's pre-amendment practice of addressing the IFP motion before reaching the merits in the instant case, without prejudice to any future decision to revisit this practice.

[4] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint is due to be dismissed because: (1) the allegations of the complaint do not demonstrate that Harrelson is a "state actor" as required to support a claim under 42 U.S.C. § 1983;[5] and (2) plaintiff declares, under penalty of perjury, that he owns no home or real estate. (Doc. # 2, Declaration in support of motion to proceed *in forma pauperis*, p. 3).[6] Thus, even if plaintiff could allege sufficient facts to support a finding of state action, any Constitutional rights that Harrelson may have violated by "squatting" on the property at 242 High Top Circle do not belong to plaintiff. A claim which "lacks an arguable basis in law or in fact" is frivolous. Nietzke v. Williams, 490 U.S. 319, 320 (1989). Plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

---

[5] See Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1277 (11th Cir. 2003)(setting forth tests for "determining whether the actions of a private entity are properly attributed to the state").

[6] In a hearing conducted by United States Magistrate Judge Terry Moorer on March 2, 2009, plaintiff testified – under oath – that the home in which he lives is his wife's separate property, owned by her prior to their marriage. He further testified that the property at 242 High Top Circle is owned by the Brides of Christ Church, a corporate entity, and was transferred to the Brides of Christ in 1991. (Civil Action No. 3:09cv64-MHT, recording of hearing at approximately 9:43 a.m.). Accordingly, the court will not allow plaintiff an opportunity to amend the complaint because he cannot assert – consistent with Fed. R. Civ. P. 11 – that the property at issue in this action belongs to him. For the same reason, plaintiff's claims arising from injury to his ownership rights in 242 High Top Circle are due to be dismissed with prejudice. See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)(Section 1915 gives the court the "'unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'")(citation omitted); Clark v. Maldonado, 288 Fed. Appx. 645, 646 (11th Cir. 2008)(a court may not dismiss a complaint with prejudice without first giving the plaintiff a chance to amend "if a more carefully drafted complaint might state a claim").

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before April 1, 2009.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 19th day of March, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE